**Martin v. PennDOT**

*Barry J. Cohen,* for petitioner.
*Frank M. O'Neill,* for respondent.

O'BRIEN, *J.,* January 3, 1992—

### FINDINGS OF FACT

(1) On October 1, 1990, Erie Insurance Group issued an automobile insurance policy meeting the require-

ments of the Financial Responsibility Act to petitioner William Martin for a period of one year. The policy provided for quarterly payments by the petitioner.

(2) On January 14, 1991, the petitioner dispatched a check representing the January quarterly payment which was received and deposited by the insurance company to its credit on January 17, 1991. Also on January 14, 1991, the insurance company mailed a cancellation notice to the petitioner advising that his insurance coverage would be canceled effective February 15, 1991, for nonpayment.

(3) No subsequent cancellation notices were received by the petitioner and, in view of his payment, he assumed in good faith that his coverage remained in effect.

(4) On July 18, 1991, the insurance company acknowledged its error in cancellation and reinstated the insurance coverage for a period of one year from that date. On or about the same date, the insurance company notified the Department of Transportation of the Commonwealth of Pennsylvania that the insurance coverage of the petitioner had been canceled on April 1, 1991.

(5) On September 24, 1991, the Department of Transportation notified petitioner that his registration privileges would be suspended for a period of three months effective October 29, 1991.

## DISCUSSION

The Financial Responsibility Act as amended effective July 1, 1990, provides in pertinent part as follows:

"(d) *Suspension of registration and operating privilege*—The Department of Transportation shall suspend

the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa.C.S. §1786.

## CONCLUSIONS OF LAW

(1) The Department of Transportation has failed to establish that the petitioner operated or permitted the operation of his vehicle without the required financial responsibility.

(2) The cancellation of the policy by the insurance company was in violation of their contractual agreement with the petitioner and was without just cause.

(3) The suspension of the registration privileges of the petitioner by the Department of Transportation was without notice or due process and issued at a time when the petitioner was in full compliance with the Financial Responsibility Act.

## ORDER

And now, January 3, 1992, the order of the Department of Transportation of the Commonwealth of Pennsylvania dated September 24, 1991, suspending the registration privileges of the petitioner for a period of three months is reversed.